IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 08 C 5586 |
| v. ) | |
| ) | Suzanne B. Conlon, Judge |
| FUNDS IN THE AMOUNT OF THREE ) | |
| HUNDRED, NINE THOUSAND and ) | |
| SEVEN HUNDRED FIFTY DOLLARS ) | |
| ($309,750.00); and ) | |
| ) | |
| ONE METROPOLITAN BANK CHECK IN ) | |
| THE AMOUNT OF THREE HUNDRED ) | |
| EIGHTEEN THOUSAND and EIGHT ) | |
| HUNDRED THIRTY-SIX DOLLARS or ) | |
| FUNDS IN THE AMOUNT OF THREE ) | |
| HUNDRED EIGHTEEN THOUSAND and ) | |
| EIGHT HUNDRED THIRTY-SIX ) | |
| DOLLARS ($318,836.00), ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

The government brings this action seeking forfeiture of $309,750 in U.S. currency and a bank check in the amount of $318,836 seized from an Amtrak passenger on February 14, 2008. The passenger, Miguel Pinedo, and Lawrence Equipment, Inc. ("claimants"), filed claims to the money. Claimants move to dismiss the complaint under Fed. R. Civ. P. 12(b) for failure to state a claim and lack of subject matter jurisdiction. Claimants also move pursuant to Fed. R. Civ. P. 56 for partial summary judgment. For the reasons set forth below, both motions are denied.

### **BACKGROUND**

The following facts are derived from the verified complaint and accepted as true only for purposes of claimants' motion to dismiss. On February 14, 2008, Drug Enforcement Agency

("DEA") officers assigned to a narcotics task force at Union Station in Chicago, Illinois obtained information regarding the travel itinerary of Miguel Pinedo. Pinedo arrived in Chicago the previous day by air and was scheduled to leave for California by Amtrak that afternoon. Pinedo's train ticket was purchased five days earlier with a credit card in another person's name and the ticket was picked up by Pinedo one hour prior to departure.

At about 3:00 p.m., law enforcement agents approached Pinedo's sleeper car on the train and knocked on the door. After identifying themselves, the agents spoke with Pinedo about the purpose of his travel. Pinedo stated he was in Chicago to assist in an equipment sale. The agents claim Pinedo appeared to be nervous and was perspiring. When asked by the agents, Pinedo stated he was not carrying large amounts of money. He then agreed to let the agents examine his luggage. Soon after his initial denial, Pinedo admitted there was over $100,000 in his bag.

Pinedo then agreed to accompany the agents to the DEA office located within Union Station where $309,750 in cash was discovered in his bag. The agents also found a bank check in the amount of $318,836. Pinedo told the agents the money was not his, but was delivered to him the previous day by an unidentified person so that he could bring the money to California. A Chicago police officer arrived on the scene with a dog certified to conduct narcotics odor investigations. According to the officer, the dog gave a positive alert for the presence of a narcotic odor on Pinedo's bag. The agents seized both the cash and the bank check.

On September 30, 2008, the government filed this forfeiture action, alleging the funds were furnished and intended to be furnished in exchange for a controlled substance, are the proceeds from the sale of a controlled substance, and were monies used and intended to be used

to facilitate narcotics trafficking, and are therefore subject to forfeiture and condemnation pursuant to 21 U.S.C. § 881(a)(6).

## DISCUSSION

### I. Claimants' Motion to Dismiss

Claimants move to dismiss the verified complaint on two grounds: (1) lack of subject matter jurisdiction; and (2) failure to state a claim for forfeiture under 21 U.S.C. § 881(a)(6). Neither argument has merit.

#### A. Subject Matter Jurisdiction

A motion to dismiss may challenge the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). All well-pleaded allegations are accepted as true, and all reasonable inferences are drawn in plaintiff's favor. *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008). In determining whether to dismiss for lack of jurisdiction, the court may look beyond the allegations of the complaint to determine whether jurisdiction exists. *Id.* at 656-57.

Claimants argue the court lacks subject matter jurisdiction because the complaint is untimely. Once an interested party has filed a claim with the government for seized property, the government must file a forfeiture complaint within ninety days or return the property pending the filing of the complaint. 18 U.S.C. § 983(a)(3)(A). If the government fails to comply, it must release the property and it is barred from taking further action to obtain forfeiture of the property. 18 U.S.C. § 983(a)(3)(B).

Claimants do not cite any case law or statute suggesting that the government's failure to comply with § 983(a)(3)(B) would act to divest this court of subject matter jurisdiction. Federal district courts are authorized to adjudicate forfeiture actions. *See* 21 U.S.C. § 881; 28 U.S.C. §§

1345 and 1355. That is sufficient to support this court's subject matter jurisdiction. The government's timely initiation of a forfeiture action may be a necessary condition of relief, but time limits in litigation do not detract from a court's adjudicatory competence. *Wisconsin Valley Imp. Co. v. U.S.*, No. 08-4300, 2009 WL 1739906, at *1 (7th Cir. June 22, 2009) (Easterbrook, J.).

In any event, the forfeiture complaint was timely filed. Claimants submitted their claim to the government on April 3, 2008. This corresponded to a July 5, 2008 deadline for the government to file a forfeiture complaint. 18 U.S.C. § 983(a)(3)(A). The statute, however, provides for extensions of time; an extension was granted in this case. *See id.* ("a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown"). Plaintiff sought and obtained from Chief Judge James Holderman an extension of time to file the complaint on or before October 1, 2008. Claimants argue that the government could not have shown good cause to warrant an extension, but they do not dispute that an extension was in fact granted. Chief Judge Holderman found good cause existed for an extension; that is all the statute requires. Because the complaint was filed on September 30, 2008, this case is timely. Claimants' argument to the contrary borders on the frivolous.

### B.  Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court must construe the complaint in the light most favorable to the government, accepting all of the allegations as true and drawing all reasonable inferences in the government's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2006). Factual allegations, however, must be sufficient to state a claim

to relief that is plausible on its face, rather than merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

Claimants argue the complaint fails to plead facts supporting a reasonable belief that the property is subject to forfeiture. Under 21 U.S.C. § 881(a)(6), currencies or negotiable instruments are subject to forfeiture if they are furnished or intended to be furnished in exchange for a controlled substance, used or intended to be used to facilitate a prohibited narcotics transaction, or are proceeds traceable to an exchange of controlled substances. The burden of proof is on the government to establish, by a preponderance of the evidence, that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). If the government's theory is that the seized property was used to commit or facilitate the commission of a crime, it must establish that there was a substantial connection between the property and the offense. 18 U.S.C. § 983(c)(3).

When pleading a civil forfeiture action, the government must file a complaint in the manner set forth in Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims. 18 U.S.C. § 983(a)(3)(A). Rule G requires the complaint: (a) be verified; (b) state the grounds for subject matter jurisdiction, *in rem* jurisdiction over the property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its location when any seizure occurred and – if different – its location when the action was filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Supplemental Rule G(2)(a-f). Only the last requirement is at issue here. Thus, the complaint must provide sufficient facts to support a reasonable belief that the government will be able to prove by a preponderance of the evidence that the cash and bank check seized from

Pinedo were used or to be used to facilitate a narcotics transaction or were proceeds of a narcotics transaction, and that the money had a substantial connection to a narcotics offense.

Claimants assert that Pinedo's travel arrangements, behavior, and statements, as well as the allegedly positive dog sniff are insufficient as a matter of law to believe the money is linked to a narcotics transaction. A positive dog sniff, however, is entitled to probative weight in this Circuit. *See United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 460 (7th Cir. 2005). Aside from the positive dog sniff, plaintiff's complaint alleges Pinedo arrived in Chicago by plane but was set to leave for California on a train the following day using a ticket purchased by someone else. When confronted by law enforcement agents, Pinedo appeared nervous and gave inconsistent statements as to whether he was carrying large amounts of money. He told the officers the money did not belong to him but was delivered to him by an unidentified person. Taken together, the allegations regarding the positive dog sniff, Pinedo's travel arrangements, the large amount of money he was transporting, and his questionable explanation, are sufficient to support a reasonable belief the government will be able to prove by a preponderance of the evidence that the seized cash and bank check are subject to forfeiture under § 881(a)(6). Because the government has met its pleading burden, claimants' motion to dismiss is denied.

## II.   Claimants' Amended Motion for Partial Summary Judgment

Summary judgment is proper if the pleadings, discovery and disclosure materials on file, as well as any affidavits, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating that it is entitled to summary judgment.

*Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir. 1999). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Silk*, 194 F.3d at 798. A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### A. Local Rule 56.1

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. The movant must submit a statement of material facts, not to exceed 80 short numbered paragraphs; each paragraph must reference affidavits, parts of the record, and other supporting materials relied upon. Local Rule 56.1(a)(3). The opposing party must respond to each numbered paragraph in the movant's statement including, in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon. Local Rule 56.1(b)(3). Failure to comply with this rule results in admission of the facts. Local Rule 56.1(b)(3)(C); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). The opposing party may also submit a statement of supplemental facts, not to exceed 40 short numbered paragraphs, that require denial of summary judgment. Local Rule 56.1(b)(3)(C). If additional facts are submitted by the opposing party, the party moving for summary judgment may submit a concise reply. Local Rule 56.1(a).

The materials submitted by both parties fall far short of Rule 56.1's requirements. Claimants' amended motion for partial summary judgment contains a short statement of material facts identifying two exhibits; the DEA investigation report (Ex. 1) and the complaint (Ex. 2). Instead of responding to claimants' factual allegations with citations to evidentiary materials, the government submits only argument as to why claimants are not entitled to summary judgment. That is inappropriate. Local Rule 56.1(b)(3); *see also* Fed. R. Civ. P. 56(e)(2) (opposing party may not rely merely on allegations or denials in its own pleadings, but must set out specific facts showing a genuine issue for trial). Although the government did not submit any additional material facts in its response, claimants tender a reply brief attaching exhibits that were not submitted with their summary judgment motion, and are not responsive to any issues raised in the government's response brief. This court disregards new evidence first submitted in claimants' reply brief. *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) (new evidence submitted on reply should not be considered on summary judgment unless non-movant is given opportunity to respond). The court considers the parties' submissions only to the extent they comply with Local Rule 56.1's requirements.

### B. Bank Check

Claimants argue they are entitled to partial summary judgment as to the bank check because there is no genuine issue of material fact connecting the check to a narcotics offense. Because of the government's failure to comply with Local Rule 56.1, claimants' submitted facts are deemed admitted. Local Rule 56.1(b)(3)(C); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). This alone does not entitle claimants to summary judgment. The ultimate

burden of persuasion remains with claimants to show they are entitled to judgment as a matter of law, and they have failed to do so. *Raymond*, 442 F.3d at 608.

According to claimants' Local Rule 56.1 statements, Pinedo was in Chicago to assist his employer, Lawrence Equipment, Inc., with a sale. Pinedo boarded an Amtrak train bound for Los Angeles using a train ticket that was in his name, but was paid for by his employer. Pinedo was in possession of a bank check in the amount of $318,836 from El Popocatepetl, Inc. and made payable to Lawrence Equipment, Inc. On that day, DEA Officer Geoffrey Gibbs seized the bank check as suspected drug proceeds despite the fact that the drug dog gave a positive indication for the odor of narcotics only on the cash. Dkt. 22 at 2-3. These statements are supported by reference to an investigation report prepared by Officer Gibbs and attached as Exhibit 1 to claimants' summary judgment motion.

The mere fact that the positive dog sniff was limited to the cash Pinedo was carrying does not entitle claimants to judgment as a matter of law as to the bank check. Taking into account the totality of the circumstances, a reasonable jury could find that the bank check was substantially connected to a prohibited narcotics transaction and properly subject to forfeiture. Pinedo's travel arrangements, nervous behavior, inconsistent statements, suspicious explanation as to the source of the money, and the positive dog sniff, Dkt. 22 Ex. 1, suggest a genuine issue of material fact exists as to whether *all* of the funds Pinedo was carrying were connected to illegal narcotics activity. Some of these factors taken alone might not be sufficient to satisfy the government's burden for forfeiture, but taken together, the facts are sufficient for a reasonable jury to find a substantial connection between the cash and check in Pinedo's possession and a narcotics transaction. *See Funds in the Amount of Thirty Thousand Six Hundred Seventy*

*Dollars*, 403 F.3d at 469 (considering the totality of the evidence as a whole and in the appropriate context); *see also United States v. $242,484*, 389 F.3d 1149 (11th Cir. 2004) (looking at the totality of the circumstances when weighing the evidence of proceeds traceable to drug transactions); *United States v. Currency, U.S. $42,500*, 283 F.3d 977, 981 (9th Cir. 2002) (though some factors alone may be innocent, the aggregate of facts raises more than a mere suspicion of a connection between the seized money and drugs). Accordingly, claimants are not entitled to partial summary judgment as to the bank check.

## CONCLUSION

Claimants' motion to dismiss is denied. Plaintiff's complaint satisfies the pleading requirements for a civil forfeiture action, and the court has subject matter jurisdiction to adjudicate the matter. Claimants' motion for partial summary judgment is denied. They have failed to demonstrate that no genuine issue of material fact exists entitling them to judgment as a matter of law with respect to the bank check.

ENTER:

*[signature]*
Suzanne B. Conlon
United States District Judge

July 8, 2009